F I L E D
CLERK, U.S. DISTRICT COURT

3/5/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: _____TV_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>           v.<br><br>MIGUEL ANGEL AGUILAR CALDERON,<br><br>           Defendant. | CR No. 2:24-cr-00145 -MEMF<br><br>I N D I C T M E N T<br><br>[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1): Distribution of Child Pornography; 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2): Possession of Child Pornography; 18 U.S.C. § 2253: Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

Between January and February 2020, in Los Angeles County, within the Central District of California, defendant MIGUEL ANGEL AGUILAR CALDERON knowingly distributed child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using a means and facility of interstate and foreign commerce, namely, an encrypted Internet-based messaging application, and that had been shipped and transported in and affecting interstate and foreign commerce by any

means, including by cellular phone, knowing that the images were child pornography.

The child pornography that defendant AGUILAR CALDERON distributed consisted of six videos sent via the Kik application, including a video with file name "VID-20150405-WA0216.mp4."

COUNT TWO

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

On or about August 3, 2022, in Los Angeles County, within the Central District of California, defendant MIGUEL ANGEL AGUILAR CALDERON knowingly possessed a Samsung Galaxy S8+, bearing IMEI number 355989085307366, which contained child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), at least one of which was involving a prepubescent minor and a minor who had not obtained 12 years of age, that had been shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by cellular phone, knowing that the images were child pornography.

The child pornography that defendant AGUILAR CALDERON possessed on the Samsung Galaxy S8+ included, but was not limited to, the following:

1. 59_1.jpg;
2. 1024x768_bestfit_489.jpg;
3. Nena.mp4;
4. cp ni_a sobre s_bana blanca con hombre.mp4;
5. Amber 1. With Dad In Dark Room. 7 yo girl 12%3a14.mp4;
6. (Pthc) Webcam - family_mom blows 7yo boy 3yo girl.avi;
7. VID-20180517-WA0030.mp4; and
8. cp ni_a mamando amarrada con cuerda amarilla.mp4.

COUNT THREE

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

On or about August 3, 2022, in Los Angeles County, within the Central District of California, defendant MIGUEL ANGEL AGUILAR CALDERON knowingly possessed a Google Pixel 6 Pro, bearing IMEI number 358339777106162, which contained child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), at least one of which was involving a prepubescent minor and a minor who had not obtained 12 years of age, that had been shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by cellular phone, knowing that the images were child pornography.

The child pornography that defendant AGUILAR CALDERON possessed on the Google Pixel 6 Pro included, but was not limited to, the following:

1. 1_4990008058076725709.MP4; and
2. -4981272640057508514_1109.jpg.

FORFEITURE ALLEGATION

[18 U.S.C. § 2253]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of the defendant's conviction of the offenses set forth in any of Counts One through Three of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a) All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense;

(b) All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses;

(c) All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), the defendant, if so convicted, shall forfeit substitute property, up to

the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

DEREK R. FLORES
Assistant United States Attorney
General Crimes Section